**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) **Plaintiff,** ) ) v. ) ) MOORE & MORFORD, INC., ) ) **Defendant.** ) ) | Civil Action No. 2:20-cv-892 **COMPLAINT AND JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Charging Party Amelia Thompson, who was adversely affected by such practices. As alleged with greater particularity in Paragraphs 1 through 42 below, the U.S. Equal Employment Opportunity Commission ("EEOC") alleges that Defendant Moore & Morford, Inc. ("Defendant") subjected Ms. Thompson to a hostile work environment because of her sex (female) and retaliation for engaging in activities protected under Section 704(a) of Title VII.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this civil action under 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. Venue is proper in the U.S. District Court for the Western District of Pennsylvania under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) because the alleged unlawful

employment practices were committed in the Commonwealth of Pennsylvania and within this judicial district.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action under Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Defendant is a corporation, incorporated in the Commonwealth of Pennsylvania, that operates two steel fabrication plants in Westmoreland County, Pennsylvania. Defendant is owned and managed by Richard Morford and James Morford.

5. At all relevant times, Defendant has continuously had at least 15 employees and conducted business in the Commonwealth of Pennsylvania.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCESS

7. More than thirty days prior to the institution of this lawsuit, Amelia Thompson filed a charge of discrimination with EEOC alleging that Defendant violated Title VII by subjecting her to a hostile work environment because of her sex (female) and retaliation for engaging in activities protected under Title VII.

8. On February 21, 2020, EEOC issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated Title VII regarding Ms. Thompson's employment and inviting Defendant to join with EEOC in informal methods of conciliation to

endeavor to eliminate the discriminatory practices and provide appropriate relief to Ms. Thompson.

9. EEOC engaged in communications with Defendant to provide Defendant an opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. EEOC was unable to secure from Defendant a conciliation agreement acceptable to EEOC.

11. On April 24, 2020, EEOC issued to Defendant a Notice of Failure of Conciliation.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## GENERAL FACTUAL ALLEGATIONS

13. Ms. Thompson, a female, was employed by Defendant as a Welder from approximately January 2018 until she was discharged on February 11, 2019.

14. During her employment with Defendant, Ms. Thompson worked in Defendant's Structural Division where she was the only female Welder.

15. Ms. Thompson was supervised by Foreman William Weiner ("Weiner"), who possessed authority to suspend employees without pay and take other material employment actions on behalf of Defendant.

16. Ms. Thompson also worked with a Defendant employee named Ron Gerda ("Gerda"), who held the position of Fitter and was also supervised by Weiner.

17. Beginning on or about February 2018 and continuing through the date of her discharge, Defendant subjected Ms. Thompson to a continuing course of unwelcome and offensive harassment because of her sex (female), including but not limited to the following conduct:

(a) Between approximately February 2018 and February 2019, Gerda repeatedly called Ms. Thompson sexually degrading and gender-specific epithets, including "cunt," "dumb bitch," and "fat fucking whore."

(b) On multiple occasions between approximately February 2018 and February 2019, Gerda told Ms. Thompson that "women don't belong on the floor."

(c) On multiple occasions between approximately February 2018 and February 2019, Gerda made offensive hand gestures (display of middle finger) toward Ms. Thompson and threw objects at her.

(d) Between approximately February 2018 and February 2019, Gerda repeatedly stacked steel beams in an unsafe manner and manipulated equipment for the purpose of creating unsafe or threatening work conditions for Ms. Thompson.

(e) Throughout Ms. Thompson's employment, Gerda openly displayed calendars at Defendant's plant that contained photographs of nude women.

(f) Ed Yuras, another male employee, stated to Ms. Thompson, "Suck my dick."

(g) On multiple occasions, Weiner was present during the aforementioned sexual harassment and did not take any action to stop it from occurring. Instead, Weiner responded to the harassment by laughing and stating, "Women shouldn't be on the line" and "Women shouldn't be welding."

(h) Beginning in approximately April 2018 and occurring on multiple occasions thereafter, Ms. Thompson complained to Weiner about Gerda's sexually harassing conduct referenced above.

(i) Upon information and belief, Defendant did not conduct an investigation, discipline Gerda, or take any other actions in response to Ms. Thompson's complaints to Weiner.

(j) In approximately late April or early May 2018, Weiner approached Ms. Thompson when she was retrieving items from a private vehicle in Defendant's parking lot, grabbed her by the shirt collar, and called her a "motherfucker."

(k) After this incident with Weiner in approximately late April or early May 2018 and on multiple occasions thereafter throughout 2018, Ms. Thompson complained to Richard Morford about Weiner's and Gerda's sexually harassing conduct referenced above.

(l) Upon information and belief, Defendant did not conduct an investigation, discipline Weiner or Gerda, or take any other actions in response to Ms. Thompson's complaints.

(m) In approximately late summer or fall 2018, a Defendant employee spread feces in the women's bathroom and on Ms. Thompson's personal belongings, including inside her welding hat.  Ms. Thompson did not know the identity of the Defendant employee but concluded at that time that the individual was a male coworker. There were no female employees working on the plant floor at that time, nor were there any female employees at the facility who used the aforementioned bathroom except Ms. Thompson.

(n) Upon information and belief, the Defendant employee who spread feces in the women's bathroom and on Ms. Thompson's personal belongings was a male coworker of Ms. Thompson.

5

(o) When Ms. Thompson reported this feces incident to Weiner, he directed her to clean up the feces herself and said that he would inform Richard and James Morford.

(p) At no point did Defendant take prompt and reasonable corrective actions reasonably calculated to prevent or correct the harassment.

(q) Defendant did not conduct any investigation of Ms. Thompson's complaints made in 2018 about the aforementioned harassing conduct.

(r) In 2018, Defendant did not conduct any investigations of complaints of potential or alleged sexual harassment regarding the facility where Ms. Thompson worked.

(s) At no time during Ms. Thompson's employment did Defendant ever discipline any employee for engaging in the aforementioned harassing conduct.

(t) Defendant did not have an effective sexual harassment policy or complaint procedure.

(u) At no time during Ms. Thompson's employment did Defendant ever provide training sessions to its employees concerning sexual harassment, prohibitions of sexual harassment, or procedures for making sexual harassment complaints.

(v) At no time during Ms. Thompson's employment did Defendant ever take active steps to monitor the work environment to ensure the absence of sexual harassment and retaliation for complaints of sexual harassment.

18. After Ms. Thompson began reporting Weiner's and Gerda's aforementioned harassing conduct, Weiner treated her significantly worse because of her reporting of the harassment. Weiner grabbed Ms. Thompson by the shirt collar and called her a "motherfucker," repeatedly yelled at her, increased his workplace surveillance of her, denied her tools and

equipment that she needed to do her job, and refused to give her a new welding coat when she needed one to do her job.

19. On approximately January 29, 2019, Weiner reassigned Ms. Thompson to work in the paint yard despite his knowledge that she had just returned from sick leave and was still recovering from pneumonia.

20. Ms. Thompson immediately complained to Richard and James Morford about her reassignment to the paint yard, but they did not overrule Weiner's decision or modify that work assignment and instead told her to do whatever Weiner instructed her to do.

21. After Defendant reassigned Ms. Thompson to the paint yard, she called Deborah Veitch ("Veitch"), Defendant's Office Manager and Human Resources officer, and asked to file a grievance against Weiner and Gerda. Veitch failed or refused to address Ms. Thompson's complaint.

22. On February 5, 2019, Ms. Thompson contacted and communicated with EEOC, thereby initiating the process for filing an EEOC Charge of Discrimination regarding sex harassment/discrimination and retaliation. At that time, Ms. Thompson submitted to EEOC a written communication about her employment with Defendant that averred sex harassment/discrimination and retaliation.

23. Two days later, on February 7, 2019, Ms. Thompson met with Richard Morford and James Morford. During this meeting, Ms. Thompson complained about Weiner's and Gerda's harassment and also informed the Morfords that she had already contacted EEOC about the harassment and had begun the process of filing an EEOC Charge.

24. Approximately four days later, on February 11, 2019, Defendant informed Ms. Thompson that she was discharged, effective February 8, 2019.

25. Defendant discharged Ms. Thompson from her employment because she communicated with EEOC and had complained about the sexual harassment she experienced while employed by Defendant.

## CAUSES OF ACTION

### COUNT I:  Hostile Work Environment Because of Sex

26. EEOC repeats and incorporates by reference the factual allegations set forth in Paragraphs 1-25.

27. Defendant subjected Ms. Thompson to unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by creating a hostile work environment because of her sex (female).

28. The discriminatory practices described above were unwelcome; because of sex; offensive; and sufficiently severe or pervasive, both objectively and subjectively, to alter the terms or conditions of employment for Ms. Thompson.

29. Defendant is vicariously liable for the sexual harassment committed by its supervisory employees.

30. Defendant knew or reasonably should have known about the sexual harassment committed by its employees but failed to take prompt action reasonably calculated to ending the harassment and preventing its recurrence.

31. The effect of the practice(s) complained of in Paragraph(s) 26 through 30, above, has been to deprive Ms. Thompson of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex (female).

32. The unlawful employment practices described above were intentional.

33. The unlawful employment practices described above were done with malice or reckless indifference to the federally protected rights of Ms. Thompson.

## COUNT II: Retaliation for Engaging in Protected Activity

34. EEOC repeats and incorporates by reference the factual allegations set forth in Paragraphs 1-25.

35. Ms. Thompson engaged in protected opposition to employment practices made unlawful by Title VII, including, among other ways, by complaining to Defendant's supervisors, managers, and owners about the discrimination and harassment she experienced.

36. Ms. Thompson made a charge of discrimination and engaged in participation in EEOC proceedings under Title VII.

37. Defendant took adverse actions against Ms. Thompson, among other ways, by (a) yelling at her, (b) denying her tools and equipment that she needed to do her job, (c) monitoring her activities, (d) physically assaulting her, (e) forcing her to clean feces in the women's bathroom, (f) reassigning her to different and undesirable work, and (g) discharging her.

38. Defendant took adverse actions against Ms. Thompson (a) because of her protected opposition to employment practices made unlawful by Title VII in the manner described in Paragraphs 1 through 25, above; and/or (b) because of her making of an EEOC Charge and participation in a proceeding under Title VII in the manner described in Paragraphs 22 and 23, above.

39. Defendant engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by subjecting Ms. Thompson to the adverse actions referenced above.

40. The effect of the practice(s) complained of in Paragraph(s) 34 through 39, above,

has been to deprive Ms. Thompson of equal employment opportunities and otherwise adversely affect her status as an employee because of her conduct protected under Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

41. The unlawful employment practices complained of above were intentional.

42. The unlawful employment practices complained of above were done with malice or reckless indifference to the federally protected rights of Ms. Thompson.

## PRAYER FOR RELIEF

Wherefore, EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendant, from engaging in, or failing to take prompt and reasonable corrective and preventive action in response to, sex-based harassing conduct and other employment practices that discriminate because of sex.

B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendant, from retaliating against any individual who engages in protected activity under Title VII, including but not limited to (1) individuals who report instances of sex-based harassment and discrimination or who fail or refuse to acquiesce to such conduct; and (2) individuals who make a charge, testify, assist, or participate in any manner in an investigation, proceeding, or hearing under Title VII.

C. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities and ensure Defendant's operations are free from sex-based harassment, sex discrimination, and retaliation, including but not limited to: (1) the institution of effective anti-harassment, discrimination, and retaliation policies; (2) the institution of effective complaint procedures; (3) mandatory training on sex-based harassment/discrimination

and retaliation for all employees; and (4) mandatory training on conducting investigations for all human resources personnel and managerial or supervisory employees who conduct such investigations.

      D.      Order Defendant to submit periodic reports to EEOC (1) identifying all complaints or observations of alleged sex-based harassment, sex discrimination, and/or retaliation for engaging in protected activity under Title VII that are received by Defendant and any corrective actions taken in response to those complaints or observations and (2) verifying completion of training required by mandatory injunction.

      E.      Order Defendant to make whole Ms. Thompson by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement.

      F.      Order Defendant to make whole Ms. Thompson by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 13 through 42, above, which were incurred as a result of Defendant's conduct, in amounts to be determined at trial.

      G.      Order Defendant to make whole Ms. Thompson by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described in Paragraphs 13 through 42, above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

      H.      Order Defendant to pay Ms. Thompson punitive damages for its malicious and reckless conduct described in Paragraphs 13 through 42, above, in amounts to be determined at trial.

I.      Grant such further relief as the Court deems necessary and proper in the public interest.

J.      Award EEOC its costs of this action.

### JURY TRIAL DEMAND

EEOC requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

SHARON FAST GUSTAFSON
GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL
WASHINGTON, D.C.

DEBRA M. LAWRENCE
REGIONAL ATTORNEY
EEOC – Philadelphia District Office

*Ronald L. Phillips w/ permission CS*
RONALD L. PHILLIPS
SUPERVISORY TRIAL ATTORNEY
OH Bar No. 0070263
EEOC – Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Phone: (410) 801-6714
Fax: (410) 962-4270
Email: ronald.phillips@eeoc.gov

CATHERINE N. SELLERS
SENIOR TRIAL ATTORNEY
WA Bar No. 44563
EEOC – Baltimore Field Office
George H. Fallon Federal Building

31 Hopkins Plaza, Suite 1432<br>
Baltimore, MD 21201<br>
Phone: (410) 801-6722<br>
Fax: (410) 209-2221<br>
Email: catherine.sellers@eeoc.gov