IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**, <br><br> Plaintiff, <br><br> v. <br><br> **MOORE & MORFORD, INC.**, <br><br> Defendant. | Civil Action No. 2:20-cv-00892-LPL <br><br> Magistrate Judge Lisa Pupo Lenihan |

### CONSENT DECREE

THE LITIGATION

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") instituted this action on June 16, 2020, against Defendant Moore & Morford, Inc. ("Defendant"), to enforce provisions of Title VII of the Civil Rights of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e to 2000e-17, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct alleged unlawful employment practices and to provide relief to Charging Party Amelia Talarico (formerly known as Amelia Thompson), who was allegedly adversely affected by such practices. EEOC alleged that Defendant violated Title VII by subjecting Ms. Talarico to a hostile work environment because of her sex (female) and by retaliating against her for opposing Defendant's unlawful employment practices and for participating in EEOC proceedings. Defendant filed its Answer to EEOC's Complaint on August 12, 2020, and denies liability.

In the interest of resolving this case without the time, expenditure, and risk of contested litigation, and as a result of having engaged in comprehensive settlement negotiations, EEOC and Defendant (collectively, "the Parties") have agreed that this action should be finally resolved by entry of this Consent Decree ("the Decree"). The Parties agree that this Decree fully and final-

1

ly resolves the Title VII claims stated in the Complaint and embodies the Parties' full and exclusive agreement with respect to the matters settled. This Decree shall not constitute or be construed as an admission by Defendant of any violation of Title VII.

## STIPULATIONS

1. The Parties stipulate to the following:

   (a) The United States District Court for the Western District of Pennsylvania has jurisdiction over the subject matter of this action and the Parties to this action for purposes of entering this Decree and, if necessary, enforcing this Decree;

   (b) Venue is proper in the United States District Court for the Western District of Pennsylvania for purposes of entering this Decree and any proceedings related to enforcement of this Decree; and

   (c) All conditions precedent to the institution of this action have been fulfilled.

## FINDINGS

2. Having carefully examined the terms of this Decree, and based on the pleadings, record, and stipulations of the Parties, the Court finds the following:

   (a) This Court has jurisdiction over the Parties and the subject matter of this action;

   (b) The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of the Parties and Charging Party Amelia Talarico, and the public interest are adequately protected by this Decree; and

   (c) This Decree conforms with the Federal Rules of Civil Procedure and Title VII, and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII and will be in the best interests of the Parties, Charging Party Amelia Talarico, and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

DEFINITIONS

3. The term *complaint* shall mean any allegation or report made by any person, whether or not substantiated by evidence, whether or not made in conformity with Defendant's established procedures (so long as knowledge of the complaint may be imputed to Defendant), made by any means of communication, regarding potential discrimination, harassment, or retaliation committed by any employee, officer, director, or owner of Defendant.

4. The term *days* shall mean calendar days unless business days are clearly specified in a specific provision of the Decree. If any deadline referenced in this Decree shall fall on a weekend or federal holiday, the deadline shall be moved to the next business day.

5. The term *employee* shall be construed in accordance with controlling caselaw defining the meaning of the terms *employer* and *employee* under Title VII. The term *employee* shall specifically include all full-time, part-time, casual, seasonal, temporary, and permanent employees of Defendant.

6. The term *Effective Date* shall refer to the date that the Court approves and enters the Decree as a final order.

EFFECTIVE DATE, DURATION AND GEOGRAPHIC SCOPE OF DECREE,
AND RETENTION OF JURISDICTION

7. This Decree shall become effective immediately upon the Effective Date and shall remain in effect until its expiration date, which shall be two (2) years immediately following entry of the Decree, provided, however, that if at the end of the two-year (2-year) period, any dispute under Paragraphs 33 and 34, below, remains unresolved, the terms of the Decree shall be automatically extended until the Parties resolve the dispute or the Court's final disposition of the dispute, whichever is earlier.

8. The provisions of this Decree shall apply to all of Defendant's facilities, worksites, and other locations in the United States, its territories, and its possessions.

9. For the duration of this Decree, this Court shall retain jurisdiction over this action to enforce the terms of the Decree and shall have all available remedies to enforce the Decree, including but not limited to monetary sanctions and injunctive relief.

## INJUNCTIONS

10. Defendant, its owners, officers, directors, agents, employees, successors, assigns, and all persons in active concert or participation with Defendant are enjoined from engaging in any employment practice that discriminates on the basis of sex, including but not limited to (a) creating, facilitating, or tolerating the existence of a hostile work environment because of sex; and/or (b) taking any adverse action, or subjecting any employee to an adverse alteration in the terms or conditions of employment, because of sex.

11. Defendant, its owners, officers, directors, agents, employees, successors, assigns, and all persons in active concert or participation with Defendant are enjoined from engaging in any form of retaliation against any person because such person has (a) opposed any practice made unlawful or reasonably believed to be unlawful under Title VII; (b) filed a charge of discrimination under Title VII; (c) testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under Title VII; (d) requested or received relief under this Decree; and/or (e) asserted any rights under this Decree.

## MONETARY RELIEF

12. Within twenty-one (21) days of the Effective Date or Defendant's receipt (via its counsel of record) of a fully executed release from Charging Party Amelia Talarico in the form attached as Exhibit A, whichever date is later, Defendant shall pay eighty thousand dollars ($80,000) to Charging Party Amelia Talarico, of which forty thousand dollars ($40,000) shall

4

constitute back pay and forty thousand dollars ($40,000) shall constitute compensatory damages for emotional distress. Payment to Ms. Talarico shall be completed using two checks: one check for the amount constituting back pay (less applicable federal, state, and local payroll tax withholdings) and a second check for the amount constituting compensatory damages.

      13.    Defendant will mail the two checks for monetary relief payable to "Amelia Talarico" via certified U.S. mail (with a return receipt requested) or express overnight delivery to Ms. Talarico at an address to be provided by EEOC. Defendant will transmit photocopies of both checks and proof of delivery to EEOC to the attention of Gregory A. Murray, Senior Trial Attorney, U.S. Equal Employment Opportunity Commission, Pittsburgh Area Office, William S. Moorhead Federal Building, 1000 Liberty Avenue, Suite 1112, Pittsburgh, Pennsylvania 15222, gregory.murray@eeoc.gov within five (5) days of the date of delivery of the two checks to Ms. Talarico.

      14.    At the time that such tax documents are issued to other persons, Defendant shall issue to Charging Party Amelia Talarico an IRS Form W-2 for the monetary relief amount constituting back pay and an IRS Form 1099-MISC for the monetary relief amount constituting compensatory damages.

<u>EQUAL EMPLOYMENT OPPORTUNITY POLICIES AND PROCEDURES</u>

      15.    Within ninety (90) days of the Effective Date, Defendant shall create an anti-discrimination policy and complaint procedure for employees to make complaints of sex harassment, sex discrimination, and retaliation (hereinafter, collectively referred to as "Policies"), which shall be submitted to EEOC for review before implementation by Defendant. The Policies shall comply with Title VII and include at least the following minimum content:

      (a)    **Anti-Discrimination Policy:** This policy shall contain (i) a description of the kinds of conduct that constitute sex harassment and sex discrimination; (ii) a discussion of the

5

meaning of the phrase *hostile work environment*; (iii) a statement that employees will not be retaliated against for complaining about discrimination or harassment; (iv) a discussion of the kinds of retaliation prohibited under Title VII, along with examples; (v) a statement that sex harassment, sex discrimination, retaliation, and other forms of discrimination will not be tolerated and that any employee (including managerial or supervisory employees) found in violation of the policy will be subject to disciplinary action, up to and including termination; and (vi) a requirement that all managerial and supervisory employees have a duty under the policy to promptly report any and all complaints or observations of alleged sex harassment, sex discrimination, retaliation, or other discrimination to an owner, and that failure to carry out this duty shall be grounds for disciplinary action, up to and including termination.

(b)     **Complaint Procedure:** This complaint procedure shall include (i) multiple avenues for employees to make complaints of sex harassment, sex discrimination, retaliation, or other discrimination, including reporting such complaints to any managerial or supervisory employee, officer, or owner. The complaint procedure shall be designed to be reasonably accessible to all employees, shall deem oral complaints or reports to be sufficient to trigger an investigation, and shall not impose unreasonable burdens or requirements on employees seeking to complain or report; (ii) a statement that Defendant shall promptly investigate all complaints or reports of sex harassment, sex discrimination, retaliation, or other discrimination; shall keep complaints and reports confidential except to the extent disclosure of information is necessary to conduct the investigation or comply with government inquiries; and shall document, in writing, the results of such investigations; (iii) a statement that Defendant will not retaliate against any individual who makes a complaint or who provides information or assistance in any investigation of such complaint; (iv) a statement that Defendant will promptly notify the complaining employee of its investigative findings and any disciplinary or other corrective action taken in response to his or her

6

complaint; and (v) a statement that an employee may file a charge of discrimination with the U.S. Equal Employment Opportunity Commission or any applicable state fair employment practices agency (along with providing contact information for such agencies), in addition to submitting a complaint with Defendant.

16. Within ninety (90) days of the Effective Date, Defendant shall send copies of the Policies referenced in Paragraph 15, above, to EEOC for review. Thereafter, EEOC shall be afforded a period of fourteen (14) days to conduct a pre-implementation review of the Policies and provide any comments concerning the Policies or their implementation that EEOC deems to be warranted. Upon request by EEOC, Defendant shall confer in good faith with EEOC concerning the Policies and any EEOC comments thereto.

17. Subject to any motion filed by EEOC pursuant to Paragraph 34, below, within one hundred four (104) days of the Effective Date, Defendant shall implement the Policies. To implement the Policies, Defendant shall (a) integrate the Policies in an employee manual or other policy manual; (b) distribute the Policies to each of its current owners, officers, directors, and employees (including both managerial and non-managerial employees); and (c) obtain a signed acknowledgement that each owner, officer, director, and employee (including both managerial and non-managerial employees) has read and understood the Policies. The signed acknowledgements referenced in this Paragraph shall be retained for the duration of this Decree.

18. Within ten (10) days of the date that Defendant implements the Policies set forth in Paragraph 15, above, Defendant shall send EEOC a copy of the final Policies implemented by Defendant and certify, in writing to EEOC, that such Policies have been implemented in the manner set forth above.

## TITLE VII TRAINING

19. Within ninety (90) days of the date that Defendant implements the Policies set forth in Paragraph 15, above, Defendant shall provide no fewer than four (4) hours of mandatory training regarding Title VII and Defendant's Policies to all of Defendant's owners, officers, directors, and employees. This training shall be conducted live and involve an interactive component, though attendance may be by remote means in light of current public-health circumstances. The training content shall accurately convey Title VII requirements and, at a minimum, include a discussion of the following topics: (a) Title VII's prohibition against discrimination, harassment, and retaliation; (b) the kinds of conduct that constitute prohibited sex discrimination and sex harassment, including examples of such conduct; (c) the kinds of retaliation prohibited under Title VII, including examples of such conduct; (d) Defendant's Policies set forth in Paragraph 15, above; (e) Defendant's procedures for reporting, investigating, and responding to allegations of discrimination, harassment, and retaliation; and (f) the disciplinary consequences for any employees, including managerial and supervisory employees, found in violation of Defendant's Policies.

20. Within ninety (90) days of the date that Defendant implements the Policies set forth in Paragraph 15, above, Defendant shall provide no fewer than four (4) hours of mandatory training on Title VII, Defendant's Policies, and proficient, lawful methods and techniques for conducting investigations and responding to employee complaints of discrimination and harassment to any of Defendant's owners, officers, directors, and employees with authority to investigate or respond to employee complaints of discrimination and harassment. This training shall be conducted live and involve an interactive component, though attendance may be by remote means in light of current public-health circumstances. The training content shall accurately convey Title VII requirements and proficient, lawful methods and techniques for conducting investi-

gations and responding to employee complaints of discrimination and harassment. At a minimum, the training shall include a discussion of the following topics:

(a) an overview of the topics covered in the training set forth in Paragraph 19, above;

(b) Defendant's requirement that all managerial and supervisory employees have a duty under Defendant's Policies to promptly report any and all complaints or observations of alleged discrimination, harassment, or retaliation to an owner, and that failure to carry out this duty shall be grounds for disciplinary action, up to and including termination;

(c) an acknowledgment that information regarding past complaints, allegations, or investigations of discrimination, harassment, or retaliation of a similar nature and involving the same individual then-being investigated shall be considered highly relevant evidence in any pending investigation;

(d) Defendant personnel conducting investigations into allegations of discrimination, harassment, or retaliation are required to research whether such past complaints or investigations exist by reviewing all records available to them;

(e) Defendant's former employees may be sources of highly relevant evidence and should be contacted during investigations, if appropriate;

(f) appropriate techniques for gathering facts and assessing witness credibility, particularly but not exclusively for situations in which there is conflicting testimony or an absence of corroboration;

(g) the need to investigate whether corroborative evidence exists, but that corroborative evidence is not required to make a finding that allegations of discrimination, harassment, or retaliation are substantiated or well founded;

(h) the need to ensure that, in response to employee complaints of discrimination, harassment, or retaliation, Defendant undertakes corrective action reasonably calculated to end any discriminatory, harassing, or retaliatory conduct and to prevent its reoccurrence;

(i) post-investigation procedures for monitoring the work environment, including but not limited to conducting follow-up interviews of employees and explicitly asking such persons whether any discrimination, harassment, or retaliation of a similar type to that investigated is ongoing or has taken place since the original complaint;

(j) the need to monitor and audit any post-complaint or investigation personnel actions taken against any complainants or witnesses to any investigations to ensure that retaliation is not taking place;

(k) the need to document complaint investigations, including taking and retaining notes of interviews conducted and fully documenting questions and answers; and

(l) Defendant's record-retention obligations under this Decree relating to any discrimination, harassment, or retaliation complaints or investigations.

21. Defendant shall select one or more qualified third parties to conduct the trainings described in Paragraphs 19 and 20, above. At least fourteen (14) days before the date that Defendant intends to conduct the trainings described in Paragraphs 19 and 20, above, Defendant shall submit to EEOC for review (a) the name(s) and curriculum vitae of the instructors that Defendant has selected for the trainings; (b) copies of the proposed training curricula; and (c) a list of all persons (by name and job title) who will be required to attend the trainings.

22. After Defendant transmits to EEOC the information set forth in Paragraph 21, above, EEOC shall be afforded a period of fourteen (14) days to conduct a pre-implementation review of the proposed instructors and training curricula and provide any comments concerning

the trainings that EEOC deems to be warranted. Upon request by EEOC, Defendant shall confer in good faith with EEOC concerning the trainings and any EEOC comments.

23. Subject to any motion filed by EEOC pursuant to Paragraph 34, below, within ninety (90) days of the date that Defendant implements the Policies set forth in Paragraph 15, above, Defendant shall conduct the trainings set forth in Paragraphs 19 and 20, above. Defendant shall maintain attendance logs for all persons who attend the trainings and retain such attendance logs for the duration of this Decree.

24. Within ten (10) days of the date that Defendant conducts the trainings described in Paragraphs 19 and 20, above, Defendant shall send EEOC a copy of the final training curricula for each training, a list of all persons (by name and job title) who attended each training, and a list of persons to whom Defendant is required by this Decree to present such training but who did not receive it.

25. For the duration of this Decree, Defendant shall also provide the training described in Paragraph 20, above, to any new Defendant owners, officers, directors, and employees who assume responsibility for investigating or responding to employee complaints of discrimination and harassment after the initial training date. This training shall be held within seven (7) days of the date that such individual(s) start in their new positions or duties.

## REPORTING PROVISIONS

26. For the duration of this Decree, Defendant shall furnish reports to EEOC annually following the Effective Date concerning (a) any lawsuits, charges, complaints, grievances, or other allegations (oral or written, formal or informal, verified or unverified) of alleged sex harassment, sex discrimination, or retaliation received after the Effective Date, if any; and (b) any lawsuits, charges, complaints, grievances, or other allegations (oral or written, formal or informal, verified or unverified) made by any female employee alleging any mistreatment, of any

11

kind, by Ron Gerda, Richard Yuras, William Weiner, James Morford, Richard Morford, and/or any relatives, friends, and/or agents acting on their behalf received after the Effective Date, if any. Each such report shall contain the following:

(a)     the full name, last known residence address, and last known telephone number(s) of any individual who instituted the lawsuit or charge or made the complaint, grievance, or other allegation;

(b)     a full description of the allegations of sex harassment, sex discrimination, retaliation, or other mistreatment;

(c)     the full name and job title of the person(s) alleged to have engaged in the sex harassment, sex discrimination, retaliation, or other mistreatment;

(d)     a full description of any statements or information provided by the person(s) alleged to have engaged in the sex harassment, sex discrimination, retaliation, or other mistreatment;

(e)     the date that the lawsuit or charge was instituted or the complaint, grievance or other allegation was made;

(f)     the full name, last known residence address, and last known telephone number(s) of any person(s) believed to possess relevant knowledge concerning the allegations, a statement whether Defendant has conducted an interview of such person(s), and a full narrative description of any statements or information provided by the person(s);

(g)     the full names, last known residence addresses, and last known telephone numbers of all Defendant personnel who conducted or participated in the investigation of such lawsuit, charge, complaint, grievance, or other allegation; and

(h)     all actions taken by Defendant in response to the allegations, including but not limited to a description of any investigation or corrective actions.

27. Defendant shall append to such reports all documents received from the person making the allegations, all documents related to any witness interviews (e.g., affidavits, interview notes, memoranda, etc.), any other material compiled for purposes of investigating the allegations, and all investigative reports or memoranda. Defendant may refrain from appending to such reports any documents generated by or at the direction of counsel for the purposes of defense of pending or anticipated litigation.

28. For the duration of this Decree, Defendant shall furnish reports to EEOC annually following the Effective Date concerning all female employees, if any, that Defendant has employed for any length of time in the twelve (12) months preceding the report. Each such report shall contain the following:

    (a) the full name, last known residence address, and last known residence telephone and cell phone numbers of each female employee;

    (b) the job title of each female employee;

    (c) the full name and job title of each female employee's direct supervisor;

    (d) the date of hire of each female employee; and

    (e) the date of separation of each female employee (if applicable).

29. The first reports set forth in Paragraphs 26 to 27, and 28, above, shall be due one (1) year from the Effective Date, with the final reports due one (1) month prior to the expiration of this Decree.

## RECORD RETENTION

30. For the duration of this Decree, Defendant shall retain all documents related to (a) the Policies set forth in Paragraph 15, above, including any changes to the Policies or their implementation; (b) the training curricula, attendance logs, and acknowledgments set forth in Paragraphs 17, 21, and 23 to 24, above; (c) any complaints of sex discrimination, sex harass-

ment, and/or retaliation that Defendant receives from its employees; and (d) any investigations and corrective action that Defendant undertakes in response to such complaints. Such documents shall include, but are not limited to, any and all written correspondence, notes, emails, photographs, video recordings, text messages, policies, PowerPoint presentations, training materials, memoranda, written statements, charges of discrimination, internal complaint documents, lawsuits, witness statements, internal reports, investigation findings, and disciplinary actions.

31. Defendant's obligation to maintain records, as set forth in this section, is not intended to nor does it limit or replace Defendant's obligation to retain records as set forth in federal law or EEOC regulations, such as 29 C.F.R. § 1602.14. Defendant shall comply with 29 C.F.R. § 1602.14.

32. Defendant shall make all documents that are the subject of this Decree available for inspection and copying within fourteen (14) days of receiving a written request from EEOC for such documents.

## DISPUTE RESOLUTION AND COMPLIANCE REVIEW

33. Upon motion of EEOC, the Court may schedule a hearing for the purpose of reviewing compliance with this Decree. Prior to such motion, EEOC shall notify Defendant, in writing, of the alleged noncompliance. Upon receipt of written notice, Defendant shall have fourteen (14) days either to correct the alleged noncompliance and so inform EEOC, or deny the alleged noncompliance, in writing. If the Parties cannot in good faith resolve their dispute, EEOC may file with the Court a motion to correct and remedy the breach. Each party shall bear its own costs, expenses, and attorney's fees incurred in connection with such motion.

34. In the event that a dispute under Paragraph 33, above, remains unresolved after the two-year (2-year) period set forth in Paragraph 7, above, EEOC may file a motion to correct or remedy the alleged breach within fourteen (14) days of its receipt of Defendant's notice of its

correction or denial of noncompliance. If EEOC does not file such a motion within the aforementioned fourteen-day (14-day) period, the Decree shall no longer automatically extend pursuant to Paragraph 7, above, and shall instead expire.

35. Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the Western District of Pennsylvania.

36. For the duration of the Decree, EEOC, its agents, and its employees shall in their discretion have the legal authority to enter any of Defendant's offices, worksites, or other locations and conduct an onsite inspection to ensure compliance with Title VII and any of the terms of this Decree. Such inspections may, at the discretion of EEOC, include access to any and all documents subject to this Decree for the purposes of inspection and duplication; interviews of any persons; inspection of any area within the offices, worksites, and other locations; and any other investigatory technique or procedure permitted by Title VII or EEOC's regulations. EEOC shall also have the legal authority to require appearance and testimony of Defendant's personnel, at reasonable times and locations, at interviews or depositions and the production of documents to ensure compliance with Title VII and any of the terms of this Decree. Neither EEOC's authority under this Paragraph nor any other provisions of this Decree shall be construed to limit or impair in any manner any other EEOC authority to conduct investigations of Defendant that is provided by law, including but not limited to investigating charges of discrimination filed under Title VII of the Civil Rights Act of 1964, as amended; the Equal Pay Act of 1963, as amended ("EPA"); the Age Discrimination in Employment Act of 1967, as amended ("ADEA"); Titles I or V of the Americans with Disabilities Act of 1990, as amended; the Genetic Information Nondiscrimination Act of 2008; and any statute over which EEOC is given jurisdiction in the future, and conducting directed investigations authorized under the EPA, the ADEA, and any future statute which authorizes directed investigations.

## MISCELLANEOUS PROVISIONS

37. Each Party shall bear its own costs, expenses, and attorney's fees in this action, including the costs of compliance and monitoring.

38. This Decree constitutes the entire agreement and commitments of the Parties on the matters raised herein, and no other statement, promise, or agreement, either written or oral, made by either Party or an agent of any Party not contained in this Decree shall be enforceable.

39. The terms of this Decree shall be binding upon Defendant and all its present and future owners, directors, officers, managers, agents, representatives, successors, and assigns.

40. Defendant, and any successor of Defendant, shall provide a copy of this Decree to any organization or person who proposes to acquire Defendant or its assets or merge with Defendant, or any successor of Defendant, prior to the effectiveness of any such acquisition or merger. This Paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

41. If any provision of this Decree is found to be unlawful, only the specific provision in question shall be affected and all other provisions of this Decree shall remain in full force and effect.

42. When this Decree requires Defendant to submit reports, notices, or other materials to EEOC, Defendant shall deliver them by electronic means or hard copy to:

> Gregory A. Murray
> Senior Trial Attorney
> U.S. Equal Employment Opportunity Commission
> Pittsburgh Area Office
> William S. Moorhead Federal Building
> 1000 Liberty Avenue, Suite 1112
> Pittsburgh, PA 15222
> Email: gregory.murray@eeoc.gov

43. In the event that the Parties propose to make any modification to this Decree by their mutual consent, they shall submit such proposed modification to the Court by joint motion, and such modification shall not be effective unless approved by order of the Court. No waiver, modification, or amendment of any provision of this Decree shall be effective unless in writing, signed by the Parties to this Decree, and approved by the Court.

[The remainder of this page was intentionally left blank.]

**AGREED BY:**

For Plaintiff U.S. Equal Employment Opportunity Commission:

SHARON FAST GUSTAFSON
GENERAL COUNSEL

ROBERT A. CANINO
ACTING DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

By GAM per authorization

DEBRA M. LAWRENCE
REGIONAL ATTORNEY

Dated: 12/4/2020

By GAM per authorization

RONALD L. PHILLIPS
SUPERVISORY TRIAL ATTORNEY

Dated: 12/4/2020

GREGORY A. MURRAY
SENIOR TRIAL ATTORNEY
Pa. I.D. No. 316144
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
Phone: 412-588-6907
Fax: 412-395-5749
Email: gregory.murray@eeoc.gov

Dated: 12/4/2020

**IT IS SO ORDERED:**

12/21/20
DATE

For Defendant Moore & Morford, Inc.:

DAVID A. YOUNG
Pa. I.D. No. 200217
Bunker & Ray
120 Fifth Avenue, Suite 2201
Pittsburgh, PA 15222
Phone: 412-456-8062
Fax: 215-569-0284
Email: david.young@bunkerray.com

*Counsel for Defendant Moore & Morford, Inc.*

Dated: 12/2/2020

JAMES MORFORD
PRESIDENT

*Authorized Representative of Moore & Morford, Inc.*

Dated: 12/1/2020

HONORABLE LISA PUPO LENIHAN
United States Magistrate Judge

18